LUHRIG COLLIERIES COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40048. Promulgated May 27, 1932.

*Lloyd Anderson*, *Esq.*, and *Charles D. Hamel*, *Esq.*, for the petitioner.

*Elden McFarland*, *Esq.*, for the respondent.

### OPINION.

SMITH: The only question at issue in this proceeding is whether the assessment and collection of the deficiency of $23,250.78 determined against the petitioner for the fiscal year ended March 31, 1921, is barred by the statute of limitations. The answer to this question depends upon whether the consolidated return or returns filed by the petitioner and the Cincinnati Mining Company in 1921 and 1922 for the period under consideration started the running of the statute. All of the material facts have been stipulated by the parties and are substantially as follows:

The petitioner and the Cincinnati Mining Company were affiliated corporations within the meaning of section 240 of the Revenue Acts of 1918 and 1921 during the fiscal year ended March 31, 1921, with their principal office at Columbus, Ohio. On June 14, 1921, the petitioner and the Cincinnati Mining Company filed with the collector at Columbus a so-called tentative consolidated return on Form 1120, for the fiscal year ended March 31, 1921, containing the following notation:

Year Ended March 31, 1921

Tentative Report. Check for $11,500. Estimated First Quarterly payment, Enclosed with this report, June 14th, 1921. Extension 30 days time for filing has been granted.

The return contained no other information.

On July 13, 1921, the petitioner and the Cincinnati Mining Company filed a consolidated return on Form 1120 for the period stated, showing various items of gross income totaling $626,394.18, and items of deductions totaling $470,986.42, and a total tax liability for the period of $43,733.17. Other and more detailed information commonly required by the Commissioner was furnished in certain schedules attached to the return. There was also filed an information return on Form 1122, executed by the petitioner.

The total tax shown to be due on the consolidated return filed on July 13, 1921, was paid by checks of the petitioner, the final payment being made in March, 1922.

In May, 1922, after enactment of the Revenue Act of 1921, the petitioner and the Cincinnati Mining Company filed a supplemental or amended consolidated return showing the same items of gross income and deductions as shown on the return previously filed on July 13, 1921, and disclosing an additional tax of $50, computed under the 1921 Act. The amount of the additional tax was paid by check of the New York Coal Company.

The figures upon which the respondent has finally determined the tax liability of the petitioner and the Cincinnati Mining Company after a field examination and review audit, are as follows:

| | Luhrig Collieries Co. | Cincinnati Mining Co. |
|---|---|---|
| Gross income | $612,327.48 | $14,066.70 |
| Deductions | 430,420.56 | 17,260.82 |
| Net income | 181,906.92 | (Loss) 3,194.12 |

Under date of June 6, 1928, the respondent mailed the petitioner a deficiency notice disclosing a deficiency in its income and profits tax for the fiscal year ended March 31, 1921, of $23,250.78. In such deficiency notice the respondent states:

It will be observed from the decision (8. B. T. A. 79) that the only taxable net income involved for the fiscal year ended March 31, 1921, is properly assignable to the Luhrig Collieries Company. As stated by the Board, a consolidated return for the two companies was filed. However, the return did not state specifically the items of gross income and the allowable deductions of the Luhrig Collieries Company and the return was not signed and sworn to by the officers of that corporation, but only by the officers of the Cincinnati Mining Company, the officers of the two corporations being entirely different.

Section 239 of the Revenue Act of 1921 provides:

"That every corporation subject to taxation under this title * * * shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title. The return shall be sworn to by the President, Vice-President, or other principal officers and by the Treasurer or Assistant Treasurer. * * *"

Based upon the above, the Bureau holds that the consolidated return which was filed in this case is not such a return as is required by Section 239, above quoted, and, therefore, the filing of same did not start the running of the statute of limitations against assessment and collection of any deficiency of the Luhrig Collieries Company.

We are of the opinion that the consolidated return or returns filed by the petitioner and its affiliated company in 1921 and 1922 substantially comply with the requirements of the law and were suffi-

cient to start the running of the statute of limitations. The issue presented is, we think, controlled by previously decided Board and court cases. See *Mabel Elevator Co.*, 2 B. T. A. 517; *United States v. Mabel Elevator Co.*, 17 Fed. (2d) 109; *Stetson & Ellison*, 11 B. T. A. 397; aff'd., *Commissioner v. Stetson & Ellison*, 43 Fed. (2d) 553; *Peerless Iron Pipe Exchange, Inc.*, 23 B. T. A. 900.

Each of the returns in question, that is, the return filed on July 13, 1921, under the 1918 Act, and the amended return filed in May, 1922, under the 1921 Act, contains a statement of the essential items of each company's gross income and deductions. In the cases cited we have pointed out that the law does not require the filing of a return correct in every detail as a condition for the operation of the statute of limitations against the assessment and collection of additional taxes after the expiration of the statutory period.

Since no contention has been made in this proceeding that the return or returns in question were false or fraudulent, or that any waivers have been executed or any suit begun, and since the deficiency notice herein was mailed to the petitioner after the expiration of the statutory period for assessment and collection of any additional taxes on either of such returns, we hold that the deficiency determined by the respondent is barred.

*Judgment will be entered for the petitioner.*